IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                          :

ANTONIO A. FERNANDEZ CABALLERO:    CASE NO. 04-10585(SEK)
MARTHA BELTRAN FERNANDEZ,
        DEBTORS                           :    CHAPTER 117

---------------------------------

NOREEN WISCOVITCH RENTAS,
TRUSTEE FOR THE ESTATE OF          :
LASER REALTY, INC.,
        PLAINTIFF                         :    ADV. NO. 06-00189

        v.                                :

DEBTORS AND CORUS HARDWARE         :
CORPORATION,                              :

        DEFENDANTS                        :

---------------------------------

**FILED & ENTERED**

NOV  3 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

There are two related matters pending in the case and this proceeding: (1) Laser Realty Inc.'s ("Laser") opposed motion for leave to file a complaint objecting to the dischargeability of a debt, and (2) Debtors' opposed motion to dismiss the complaint and request for sanctions. Laser's motion is granted and Debtors' is denied for reasons that follow.

### Background

Antonio A. Fernández Caballero and Martha Beltrán Fernández ("Debtors") filed for relief under Chapter 11 of the Bankruptcy



Code[1] on October 14, 2004, and remain debtors in possession.  The deadline for filing complaints to determine the dischargeability of their debts pursuant to Fed. R. Bankr. 4007(c) was set for January 21, 2005.

Laser is currently under bankruptcy protection having initially filed its petition under Chapter 11 on December 15, 2004.  Mr. Fernández, who is its sole shareholder and was its President, appeared on Laser's behalf at the first § 341 meeting of creditors.  He answered questions concerning some of Laser's financial transactions, which may demonstrate: (1)Laser paid for Mr. Fernández' credit card charges involving his personal expenses, (2) Laser incurred in $1.4 million debt, the proceeds of which were apparently used to renovate his home in Dorado, P.R., (3) at the time Mr. Fernández was CEO of Laser and while he was also the sole shareholder of Corus Hardware Corp., Laser disposed of its inventory, machinery and equipment by transferring it to Corus Hardware Corp. without consideration, and (4) Laser assumed Mr. Fernández' obligation to pay $2,000,000 for his purchase of Laser's shares held by his former business partner, Mr. Venancio Martí.

Laser's Trustee argued Mr. Fernández, as Laser's responsible officer while under the protection of Chapter 11, did not file

---

[1]  Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code"or "Code") as amended, 11 U.S.C. §§ 101 et seq.

the complaint objecting to the discharge of debts created by the questionable financial transactions due to his potential liability for repayment of these obligations. Hence, Mr. Fernández elected not to pursue actions o/b/o of Laser against himself and his personal financial interests. It was not until Laser's bankruptcy case was converted to Chapter 7 and the Trustee was appointed on November 1, 2005, that the mentioned transactions were investigated, culminating with the filing of the captioned adversary proceeding. Hence, by the time the Trustee came on board the deadline for filing the captioned complaint had elapsed. Thus, the Trustee contends this Court should exercise its equitable powers and allow this complaint to go forward.

Debtors argue its creditors received notice of the deadline for filing complaints objecting to discharge or dischargeability of a debt, including Laser. None of Laser's creditors pursued the transactions for the benefit of Laser's estate before the January 21, 2005 deadline. The U.S. Trustee who "supervised" the case was aware of the situation and did not initiate proceedings against the Debtors. The unequivocal language of Rule 4007(c) establishing the deadline requires that extensions of time to file these types of proceedings be filed before the expiration of the initial deadline. The fact that Mr. Fernández was in charge of Laser's affairs until its conversion to Chapter 7, does not

3

excuse Laser's creditors and the U.S. Trustee from filing a timely proceeding. Hence, there are no reasons for this Court to exercise its equitable powers and allow the Trustee to proceed with this complaint.

### Facts Derived From the Record of Laser's Case

Attached Exhibits A & B show Mr.& Mrs. Fernández did not schedule Laser as a creditor in their case. The certificate filed by the Clerk shows Laser was not notified of the last day to file objections to discharge or the dischargeability of a debt in the Fernández' case. Laser's first meeting of creditors, scheduled before the bar for filing the objections in Debtor's case had elapsed, could not be held as Laser had not filed its schedules. Minutes of the second meeting held on January 28, 2005, show Laser's disclosures contained in its schedules were incomplete, requiring further amendment related to causes of actions contained in the captioned proceeding. Laser only amended its schedules after we entered an order to show cause, and the first amendments were filed on February 23, 2005, after the deadline for filing objections to discharge and dischargeability in the Fernández case had expired. Further, amendments to Laser's statement of financial affairs were filed on March 15, 2005. Laser's Creditor's Committee was not appointed until April 13, 2005, and its Counsel was appointed about a month later. This Counsel's intents at discovery were

4

repeatedly rebuffed by Mr. Fernández, acting as Laser's responsible officer while under Chapter 11. Instead of answering discovery requests, Mr. Fernández authorized the filing of a motion to convert Laser's petition to Chapter 7 without honoring the subpoena duces tecum requiring him to appear at a 2004 examination to be conducted by Counsel for the Creditor's Committee. Eleven days after Laser's Trustee was appointed, she requested the appointment of an accountant, followed by her request for the appointment of counsel. Three months later, Laser's Trustee filed the motion at hand, followed later on by the filing of the instant complaint.

## Discussion

Fed. R. Bankr. Procedure 4004(a) and 4007(c) establish the time constraints for objecting to a debtor's discharge or to the dischargeability of a particular debt.[2] The time for commencing a proceeding to challenge entry of discharge or dischargeability of a specific debt is the same in both situations: these are to be filed 60 days after the first date set for the meeting of creditors under § 341(a). Furthermore, Fed. Rule Bankr. P. 9006(b)(3) states, "The Court may enlarge the time for taking action under Rules ... 4004(a), 4007(c) ... only to the extent

---

[2] The U.S. Supreme Court notes the time constraints in both rules are identical so that "courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rule 4004 (a) and (b) may be forfeited."[citations omitted] *Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004).

and under the conditions stated in those rules." Under 4007(c), an enlargement of time must be filed before the initial deadline has expired.

The Supreme Court notes that,

> Bankruptcy Rules 4004(a) and (b) over which the bankruptcy courts have subject-matter jurisdiction, serve three primary purposes. First, they inform the pleader, i.e. the objecting creditor, of the time he has to file a complaint. Second, they instruct the court of the limits of its discretion to grant motions for the complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits.

*Kontrick v. Ryan*, 450 U.S. 443, 456, 124 S. Ct. 906, 157 L.Ed.2d 867 (2004).[3]

Here, we are concerned with the first purpose and second purpose of Rule 4007(c).

The first purpose involves constitutional due process.

> Due process requires notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections. [citations omitted] Notice need not be perfect but reasonably based on the circumstances of the case. [citations omitted] Creditors in bankruptcy cases are entitled to the due process rights granted under the Fifth Amendment. [citations omitted].

*In re Eaton*, 327 B.R. 79, 82-82 (Bankr. NH 2005).

The facts here show Mr. and Mrs. Fernández, acting as

---

[3] The opinion of *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed.2d 867 (2004) settled the debate on whether the deadlines set by Fed. Rules Bankr. P. 4004(a) and 4007(c) affect subject matter jurisdiction of the court. It did not address whether these rujles of prescription could be subject to equitable tolling. See n.11 at p. 458.

6

debtors in possession in the captioned case, did not schedule Laser as their creditor. Hence, Laser, its creditors and the U.S. Trustee, never received notice of the Rule 4007(c) deadline. Furthermore, the record of the Laser's case shows Mr. Fernández engaged in evasive tactics to prevent and delay any investigation of his financial transactions with Laser. These actions caused further delay in the filing of the captioned adversary proceeding. Under these circumstances, the estate of Laser represented by the Trustee can not be bound by Rule 4007(c)'s prescribed time limit. Given this ruling, we do not need address the Trustee's second point: should we permit equity to trump the filing deadline set by Fed. R. Bankr. P. 4007(c).

WHEREFORE, we grant the Trustee's motion for leave to file a complaint to determine the dischargeability of certain debts under § 523(c) and deny Defendant's motion to dismiss the complaint filed under adversary proceeding number 06-189.

SO ORDERED, in San Juan, Puerto Rico, on November 3, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

7

Exhibit A-1

Summary of Events Taken From The Record of Bankruptcy
Case Nbr.04-10585 SEK) filed by Mr. & Mrs. Fernández

1. 10/14/04 - Debtors filed voluntary Chapter 11 petition, without schedules and did not list Laser Realty, Inc. as a creditor for purposes of noticing.

2. 10/20/04 - Clerk scheduled first meeting of creditors, and notified last day to object to discharge as 1/21/05.  This notice was not sent to Laser Realty, Inc.

3. 11/22/04 - Debtors did not attend the 341 meeting.

4. 11/24/04 - U.S. Trustee filed a motion to dismiss for failure to file schedules and appear at the § 341 meeting of creditors and produce other information.

5. 12/29/04 - Court ordered debtors to disclose interest in corporations and file operating reports for October and November '04.

6.  2/14/05 - Court entered order to show cause why case should not be converted to 7 for a series on non compliance with court orders and requests by U.S. Trustee re production of documents.

7.  3/7/05 - U.S. Trustee's request for disqualification of Charles Cuprill's law firm due to an adverse interest.

8.  5/19/05 - Debtors filed a disclosure statement and plan.

9.  8/17/05 - Debtors filed an amended disclosure statement and amended plan.

Exhibit A-2

10.  10/4/05 – Laser's Creditors Committee filed a motion for leave to intervene in the case containing allegations similar to those raised in complaint filed as adversary proceeding 06-198.

11.  10/7/05 – Laser's Creditors Committee also objected to approval of the disclosure statement.

12.  11/30/05 – Debtors filed a second amended disclosure statement and plan.

13.  12/28/05 – Order entered approving second amended disclosure statement, and scheduling hearing on confirmation for 3/9/06.

14.  2/10/06 – Debtors filed a second amendment to the proposed plan.

15.  2/27/06 – Laser's Trustee filed a ballot rejecting the plan and a motion objecting to its confirmation.

16.  3/08/06 – Laser's Trustee filed motion for leave to file complaint objecting to dischargeability of certain debts under § 523(c).

17.  3/16/06 – Debtors opposed Trustee's request.

18.  4/6/06 – Debtors filed a motion to confirm the plan via cramdown under § 1129(b).

19.  4/07/06 – Debtors filed objections to Laser's proofs of claims #s 12 & 16.

Exhibit A -3

20. 4/27/06 - Debtors filed a second amendment to the proposed plan.

21. 5/3/06 - Laser's Trustee objects to the cramdown.

22. 5/4/06 - Debtors file a third amendment to the proposed plan.

23. 5/18/06 - Order referring U.S. Trustee's request to disqualify Charles Cuprill law firm to Judge Deasy.

24. 6/16/06 - Stipulation settling the disqualification of Cuprill was filed and approved by Judge Deasy on 6/20/06.

25. 7/13/06 - Debtors application to employ special counsel to deal with dischargeability and other counts of adv. proc. 06-189.

26. 7/27/06 - Order approving appointment of special counsel entered.

27. 9/15/06 - Debtors filed revised liquidation analysis.

28. 9/25/06- Laser's Trustee filed adversary proceeding 06-189, challenging the dischargeability of Laser's debts and using her strong arm powers to avoid transfers.

29. 10/10/06 - Trustee filed a motion requesting the consolidation of the objections to claims 12 & 16 with the adversary proceeding 06-198.

30. 10/11/06 - Debtors filed a motion to dismiss adv. nbr. 06-189.

Exhibit B-1

Summary of Events Taken From the Record of
Bankruptcy Case Nbr. 04-12634(SEK)

1. Antonio Fernández and spouse Martha Fernández are the sole shareholder of Laser Realty Corp, a/k/a/ Insular Wire Products, Inc.  Mr. Fernández is its President and CEO.

2. 12/15/04 - Laser Realty, Inc. filed voluntary Chapter 11 petition without schedules and remained a debtor in possession.

3. 1/20/05 - Date scheduled first meeting of creditors which was not held.

4. 1/26/05 - Debtor filed schedules.

5. 1/28/05 - Meeting of creditors held.  Minutes show Debtor would amend schedules to include causes of action against (1) Interworld; (2) disclose accounts receivables against Antonio Fernández for payments made to Mr. Venancio Martí on his behalf ($360,000).

6. 2/14/05 - Entry of Order to Show cause why case should not converted to 7.

7. 2/23/05 - Debtors amended schedules B, F, G.

8. 3/15/05 - Debtor filed an amended statement of financial affairs.

9. 4/13/05 - U.S. Trustee appointed a Creditors Committee.

10. 5/24/05 - Creditors Committee filed an application for appointment of counsel which Court approved on 6/21/05.

11. 8/4/05 - Creditors Committee sought leave to conduct a 2004

Exhibit B -2

examination of Mr. Fernández, that was opposed by Fernández on 8/16/05. We denied the opposition on 8/23/05.

12. 10/7/05 - Debtor filed a motion to convert the case to Chapter 7.

13. 10/12/05 - Creditors' Committee filed a motion to compel Fernández attendance at 2004 exam and produce documents.

14. 11/1/05 - Wiscovitch appointed as trustee substituting Mr. Zerbe.

15. 11/11/05 - Trustee requests appointment of Lugo Mender as accountant for the estate. Court granted the request on 11/15/05.

16. 11/17/05 - Trustee filed an application to employ law firm of O'Neill and Gilmore as special counsel for the estate, to advise Trustee on matters concerning objection to claims, dischargeability and transfers. Order approving appointment entered on 11/ 18/05.

17. 2/01/06 - Trustee filed adv. 06-33, a declaratory judgment to evict Corus (a corporation where Mr. Fernández owns 50% of the outstanding stock) and collect rent. We dismissed the complaint because building was sold by Trustee and new owner did not pursue the eviction. We sent the request for rent and expenses to arbitration pursuant to contractual clause.

Exhibit B-3

18.   3/14/06 - Special counsel seeks to expand scope of engagement.  Court granted the request on 4/10/06.

20.   5/10/06 - U. S. Trustee's filed request for disqualification of Charles Cuprill's law firm due to an adverse interest re Martí payment. Order referring it to Judge Deasy entered on 5/18/06.  Settled by stipulation filed on 6/16/06 and approved on 6/20/06.