IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| ANTONIO A. FERNANDEZ, | : | Case No. 04-10585 (GAC) |
| MARTHA BERTRAN, | : | |
| | : | |
| Debtors | : | Chapter 11 |
| _____ | : | |
| | : | |
| In re: | : | |
| | : | |
| LASER REALTY, INC., | : | Case No. 04-12634 (GAC) |
| | : | |
| Debtor | : | Chapter 7 |
| _____ | : | |
| | : | |
| In re: | : | |
| | : | |
| CORUS HARDWARE, CORP., | : | Case No. 07-00067 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| In re: | : | |
| | : | |
| LASER REALTY, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 06-00189 (GAC) |
| | : | |
| ANTONIO FERNANDEZ, ET AL., | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

DECISION AND ORDER

BACKGROUND

On March 31, 2009, the Court issued a Decision and Order approving a Settlement Agreement between the captioned debtors, Citibank and the Chapter 7 trustee in Laser Realty, Inc., Noreen

1

Wiscovitch Rentas.  The terms of the agreement were discussed at length in the Court's initial Decision and Order, which is incorporated by reference.  In short, the agreement provides for monetary compensation to Citibank, by the debtors and other third parties, in settlement of Citibank's claims and other contested matters and an adversary proceeding.  General Electric Capital Corporation ("GEC") filed a motion for reconsideration, which Citibank opposed.  Thereafter, both parties replied.

DISCUSSION

GEC seeks to alter or amend the order pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable.  This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'"  Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)).  In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change

2

in controlling law." <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

GEC claims that the Court erred in failing to inquire as to whether the debtors and the third party payors have the ability to fund the payments to Citibank and the probability of default. Moreover, GEC continues to refer to insurance policies and their potential use in funding the payments to Citibank.

Both of these issues were raised by GEC prior to the Court's decision. The Court concludes that GEC has failed to demonstrate a manifest error of law or fact by merely reiterating arguments which the Court previously considered and rejected. The Court notes that none of the creditors stand to be prejudiced by the Settlement Agreement, since no bankruptcy estate will be required to provide Citibank with more than its pro rata share of the estate assets, whatever those assets are. Thus, during the bankruptcy cases, approval of the Settlement Agreement results in no potential disadvantage to creditors, yet creditors benefit if the Settlement Agreement is approved and complied with, since Citibank's claim will be reduced from $11,751,856.59 to $7,000,000.00. Laser's estate will also be the beneficiary of $150,000.00 and all parties are relieved of the ongoing expenses of protracted litigation. The debtors and the third-parties have much to gain from compliance with the agreement, which will end the litigation between the

3

parties and significantly reduce Citibank's claims. Their agreement to treat the debt as nondischargeable if they default, also gives a significant incentive to the debtors and the third party corporations to comply with the Settlement Agreement. The Court agrees with GEC's statement, in its reply to Citibank's opposition to the motion for reconsideration, that the Court does not presently have jurisdiction to litigate the merits of the ownership of the referenced insurance proceeds. Thus, the issue of any potential use of insurance proceeds to pay Citibank is not before the Court. Accordingly, GEC's motion for reconsideration will be denied.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that General Electric Capital Corporation's motion to reconsider the Decision and Order approving the proposed Settlement Agreement shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 5th day of August, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge

4